**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PALLAVIBEN P., *Plaintiff*, v. COMMISSIONER OF SOCIAL SECURITY, *Defendant*. | No. 24-cv-11088 (MEF) **OPINION and ORDER** |

* * *

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

* * *

A woman applied for disability benefits. See Pallaviben P. (S.S.A. A.L.J. May 9, 2024), Administrative Record at 17.

Her application was denied, and her motion for reconsideration was denied, too. See id. So she asked for a hearing before an administrative law judge ("ALJ"). See id.

A hearing was held over the phone, see Administrative Record at 31–50, and afterwards the ALJ issued a decision affirming the benefits denial. See Pallaviben P., Administrative Record at 26.[1] The Appeals Council affirmed. See Administrative Record at 1.

And the applicant then filed this lawsuit in federal court. See Complaint (ECF 1).

---

[1] The ALJ's 10-page decision can be found beginning at page 17 of the administrative record.

From this point, the applicant is called "the Plaintiff," and the Commissioner of Social Security is called "the Defendant."

* * *

First, the Plaintiff argues that the ALJ "impermissibly 'played doctor' by formulating the [Plaintiff's residual functional capacity] without any medical opinions." See Plaintiff's Brief (ECF 9) at 14.

But the Plaintiff's argument runs aground on the record.

The ALJ's decision indicates that "all of the medical evidence of record ha[d] been reviewed and considered." Pallaviben P., Administrative Record at 23. And in formulating the Plaintiff's residual functional capacity, the ALJ looked to, among other things, records of a treating physician, Rajendra Patel. See Pallaviben P., Administrative Record at 23 (citing Administrative Record at 362-63, 367, 369, 371, 376, 378-79, 381, 388). As well as records from another provider, Arvind Doshi. See id. (citing Administrative Record at 420-23, 425-27, 432, 440, 444, 453-55).[2]

* * *

Second, the Plaintiff argues that the ALJ should have landed on a different residual functional capacity conclusion. See Plaintiff's Brief at 13.

But the question here is not whether the ALJ could potentially have taken a different approach on residual functional capacity,

---

[2] The Plaintiff might potentially be arguing that the ALJ had to identify a medical opinion in the record that matched his bottom-line conclusion as to the Plaintiff's residual functional capacity. See Plaintiff's Brief at 14-16; Defendant's Brief at 13-17 (reading the Plaintiff's papers this way). But "[t]here is no requirement . . . that there be medical opinion evidence from a physician that matches the RFC determination." Watkins v. Comm'r, Soc. Sec. Admin., 2025 WL 18514, at *16 (11th Cir. Jan. 2, 2025); see also, e.g., Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004); Boyd v. Colvin, 831 F.3d 1015, 1020 (8th Cir. 2016); Shannon H.N. v. Comm'r of Soc. Sec., 2026 WL 2138013, at *4 (E.D. Pa. July 24, 2026); McCaslin v. Colvin, 2018 WL 2276248, at *7-8 (M.D. Pa. Feb. 22, 2018), report and recommendation adopted, 2018 WL 2254789 (M.D. Pa. May 17, 2018).

but rather whether the approach he did take was backed up by substantial evidence. See Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002).

Here, the ALJ concluded that the Plaintiff could perform light work,[3] subject to several exceptions not relevant here. See Pallaviben P., Administrative Record at 21.

This was based, among other things, on medical records from a clinic called MidJersey Orthopaedics indicating that "[c]onservative treatment . . . including activity modification and therapeutic exercise" was "usually successful" in managing the Plaintiff's back pain. See Administrative Record at 459, 461. And treatment notes from the same facility indicating that the Plaintiff's back pain was not the reason why she was not working. See id. at 484. Plus records from one of her providers indicating that she could exercise up to 30 minutes a day. See id. at 455.

Together, this adds up to substantial evidence --- and it supports the ALJ's residual functional capacity determination. The Court cannot second guess it. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011) (the court is "not permitted to re-weigh the evidence or impose [its] own factual determinations").[4]

* * *

Third, the Plaintiff argues that the ALJ should have credited her testimony that she could only stand for a maximum of fifteen minutes per hour. See Plaintiff's Brief at 16.

But the ALJ, "[a]fter careful consideration of the evidence," concluded that the Plaintiff's "statements concerning the

---

[3] As defined in 20 C.F.R. § 404.1567(b).

[4] The Plaintiff has identified record evidence that could potentially support a different residual functional capacity conclusion. See Plaintiff's Brief at 13-16. But "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 F. App'x 954, 955 (3d Cir. 2006); see also Deborah K. v. Comm'r of Soc. Sec., 2026 WL 1140807, at *2 (D.N.J. Apr. 28, 2026) (collecting cases).

intensity, persistence, and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence." Pallaviben P., Administrative Record at 22.

The ALJ looked at the records of Dr. Patel. See id. at 23 (citing Administrative Record at 362-63, 367, 369, 371, 376, 378-79, 381, 388). And the records of Dr. Doshi. See id. (citing Administrative Record at 420-23, 425-27, 432, 440, 444, 453-55). And records from the Plaintiff's visits with providers at MidJourney Orthopaedics. See id. at 23-24 (citing Administrative Record at 460-62, 475-76, 478, 482, 484, 490, 493, 502-504).

Based on all this, the ALJ chose not to credit the Plaintiff's testimony that she could not stand for more than fifteen minutes per hour.

"The [ALJ's] credibility determinations are virtually unreviewable on appeal." Hoyman v. Colvin, 606 F. App'x 678, 671 (3d Cir. 2015).

In light of the ALJ's extensive discussion of the evidence, the Plaintiff, has not carried her "heavy burden" to overturn the ALJ's credibility determination. See id. at 681; see also Julia G., 2026 WL 1898965, at *5.

* * *

The decision of the Commissioner is affirmed.

IT IS on this 28th day of August, 2026, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.